# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID MICHAEL PATRICK, <br> Petitioner, <br><br> vs. <br><br> WARDEN, LEBANON <br> CORRECTIONAL INSTITUTION, <br> Respondent. | Case No. 1:16-cv-1029 <br><br> Dlott, J. <br> Litkovitz, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 5), to which petitioner has not responded.[1] For the reasons stated below, it is recommended that the motion to dismiss be granted.

## I. PROCEDURAL BACKGROUND

### State Trial Proceeding

On August 21, 2014, the Butler County, Ohio, grand jury returned a four-count indictment charging petitioner with one count each of kidnapping, abduction, gross sexual imposition, and breaking and entering. (Doc. 4, Ex. 1). Petitioner entered a plea of not guilty to the charges contained in the indictment. (*See* Doc. 4, Ex. 3).

Following a jury trial, petitioner was found guilty of the count of gross sexual imposition. (*Id.*). However, the jury was unable to reach a verdict on the remaining charges. (*Id.*). On April 9, 2015, following a second jury trial, petitioner was found guilty of the remaining charges. (Doc. 4, Ex. 4).

---

[1] Petitioner was granted two extensions of time to file a response to the motion to dismiss. (Doc. 7, 9). On March 20, 2017, petitioner's second motion was granted, providing petitioner up to and including April 17, 2017 to file a response. (Doc. 9).

On May 6, 2015, petitioner was sentenced to a prison term of eleven years in the Ohio Department of Corrections. (Doc. 4, Ex. 5). The trial court found that the four counts charged in the indictment were allied offenses of similar import and merged the abduction, gross sexual imposition, and breaking and entering convictions into the kidnapping conviction for the purposes of sentencing. (*See id.*).

**Direct Appeal**

On May 11, 2015, petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 4, Ex. 6). Petitioner raised the following four assignments of error in his merit brief:

1. DEFENSE COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE A MOTION TO SUPPRESS THE EYEWITNESS IDENTIFICATION AND ARREST OF MR. PATRICK.

2. DEFENSE COUNSEL WAS INEFFECTIVE AND THE TRIAL COURT ABUSED ITS DISCRETION BY INFORMING THE JURY OF MR. PATRICK'S CONVICTION OF GROSS SEXUAL IMPOSITION.

3. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

4. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. PATRICK TO A MANDATORY MAXIMUM SENTENCE.

(Doc. 4, Ex. 7). On March 14, 2016, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 4, Ex. 9).

**Ohio Supreme Court**

On June 8, 2016, petitioner filed a pro se notice of appeal and a motion for a delayed appeal to the Ohio Supreme Court. (Doc. 4, Ex. 10, 11). On August 31, 2016, the Ohio Supreme Court denied petitioner's motion and dismissed the case. (Doc. 4, Ex. 12).

**Federal Habeas Corpus Petition**

On October 14, 2016, petitioner filed the instant federal habeas corpus action.[2] (*See* Doc. 1). Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE:** Ineffective assistance of appellate counsel unlawfully accused and imprisoned.
>
> Supporting Facts: I had an unfair trial, the said evidence did not cumulate to rise of relevant evidence. Trial attorney Mr. Albrecht did not file a motion to suppress the eyewitness identification and arrest of the defendant. I was identified during trial over a phone call the jailor recorded. I asked for an objection to speak of the matter that the phone call was cut short and leaving out information as to what I said in the rest of the phone calls,; "The detectives said to me," as well as the "news broadcast," I said "I did not do this." Phone calls are not admissible. No evidence was discovered, the investigation was still open.
>
> I ask that you look at why I know with the facts this is not a kidnap. The tenor in determining the difference in a kidnap or abduction is with one key difference. A felony first degree kidnap: <u>When a victim is held in a condition of Involuntary Servitude.</u> You make a person, you hold a person against their <u>will</u> for a purpose to commit a felony: Sexual activity, Shield, Hostage, or Ransom. What did I make the victim do? Know it is just sexual contact. There is no fondle, no grope a felony fourth degree dropped down from this is true the victim is not held in a condition of involuntary servitude. The victim is not impeded. Felony second degree kidnap when the victim is released in safe place, unharmed. The courts offered me eight years on a plea deal to a second degree kidnap. I believe in justice, this says maybe I am right and I need the truth. Abductions you could place a person in fear making them stay where they are or move a person, but that you restrained their liberty. My question is why am I charged and convicted the maximum mandatory on a felony first degree kidnap? The victim was not picked up, wrestled, grabbed, ahold of, or slammed into the stair banister, there is no remainder of time. The victim was not pinned but cornered, how much contact does the defendant make the fact in question was never answered. The victim agreed the amount of time this attack lasted was five to ten seconds, the victim is also in resistance and has bags with them making little to no room to get around and away, it is on the steps and the victim falls. This period of detention was not

---

[2] Although the petition was received by the Court on October 26, 2016, petitioner indicates in the petition that he placed the petition in the prison mailing system on October 14, 2016. (Doc. 1 at PageID 9). *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders*, 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

long enough to constitute a kidnap, which resulted in a hung jury in the first trial.

The resolving conflicts was against the manifest weight of the said evidence. I asked Mr. Albrecht to question in the second trial so the jury would not get confused how long was the defendants hand on the victim and how much contact did he make? The police statement says his hands at you. How do you know which hand was where? How do you know the reason he left the scene? How do you come to conclusion when the victim states "I'm not for sure, I'm Confused, it happened so quick I don't know, I guess." Rarely was there any contact with the victims crotch the victim still has clothes on, it was not explained what the defendants Motive was.

I looked up similar and worse cases, the outcome was a felony third degree gross sexual imposition an felony third degree abduction; The victim is held on the ground for thirty seconds and repeatedly groped, sentence to four years incarceration. 'Licensed attorneys' agreed the amount of weight does not rise to a kidnapping or abduction over a gross sexual imposition, according to law, other than that the trial court in conclusion used everything to make a conviction and sentence me to a mandatory maximum the judgment of conviction is not balanced correctly. All of this was explained to me as Mr. Albrecht had to say was unfair prejudice and unconstitutional. State vs. Hike App. No. 97 APA 04-554 1999 Ohio App. Lexis 2996 No. 98 AA – 1126 State vs. Tate No. 2013- 0910

(Doc. 1 at PageID 5–6).

Respondent has filed a motion to dismiss the petition. (Doc. 5). According to respondent, the claims raised in petitioner's single ground for relief are unexhausted, not cognizable, or procedurally defaulted and waived.

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C.

4

§ 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

This case does not involve a "mixed" petition containing both exhausted and unexhausted claims. As noted above, petitioner claims he is entitled to habeas relief based upon various

alleged instances of ineffective assistance of appellate counsel. However, petitioner has not pursued an application to reopen his appeal pursuant to Ohio App. R. 26(B) or otherwise presented his claims to the Ohio courts. *See*, *e.g. Childers v. Warden*, Case No. 2:13-cv-991, 2014 WL 3828429, at *3 (S.D. Ohio Aug. 4, 2014) ("Petitioner may still obtain review of [his ineffective assistance of appellate counsel claim] by filing a delayed Rule 26(B) application in the state appellate court, where a claim of ineffective assistance of appellate counsel properly is raised. Petitioner has not done so. This action therefore is unexhausted.").

Because petitioner has an available avenue of relief in the state courts for petitioner to exhaust his ineffective assistance of appellate counsel claims, the Court must next address whether the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.).

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions, will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277. Indeed, some courts, including lower courts within the Sixth Circuit,

have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *Hust v. Costello*, 329 F. Supp.2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms v. Russell,* No. 1:08-cv-079, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009). *But cf. Heleva v. Brooks*, 581 F.3d 187, 191–92 (3rd Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) (same). Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757.

However, in *Hickey v. Hoffner*, __ Fed. App'x ___, 2017 WL 2829523, at *4 (6th Cir. June 30, 2017), the Sixth Circuit recently considered the applicability of the stay-and-abeyance procedure in the case of a non-mixed petition containing only unexhausted claims. After observing that other circuits have found the procedure applicable in cases containing solely unexhausted claims, *see id.* at n.5, the Sixth Circuit remanded the case to the district court to determine, under *Rhines*, if the petitioner could show good cause for failing to raise his claims in the state court. If so, the Sixth Circuit directed, the district court should stay the petition and hold it in abeyance while the petitioner returned to the state court to exhaust his available remedies. *Id.*

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278. It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

8

engaged in intentionally dilatory litigation tactics." *Id.*

In this case, it would be inappropriate to issue a stay rather than dismiss the case without prejudice. Petitioner has neither moved for a stay, nor made any showing of good cause for his failure to exhaust his state court remedies prior to filing his federal habeas petition. As noted above, petitioner has not responded to the motion to dismiss. Absent any showing of good cause from petitioner and with no indication that a stay is warranted in the record before the Court, the undersigned finds that the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies.

Accordingly, in sum, after weighing the *Rhines* factors, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 5) be **GRANTED** and the petition be **DISMISSED** without prejudice on the ground that petitioner has failed to exhaust the available remedy of a delayed 26(B) application to the Ohio Court of Appeals.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** without prejudice to refiling after petitioner exhausts his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that this case should be dismissed without prejudice pending his exhaustion

of such remedies.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/8/17

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID MICHAEL PATRICK,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-1029

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).